Z. C. NOLEN and WIFE *v.* JOHN WOODS *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Foreclosure of mortgage. Court may decree for complainant's debt.* Under a bill filed by a judgment creditor for the foreclosure of a mortgage, with a prayer for general relief, the court may render a decree for the complainant's debt, and order an execution to issue for the residue after crediting the net proceeds of the foreclosure sale.

FROM RUTHERFORD.

Appeal from the Chancery Court at Murfreesboro. JNO. W. BURTON, Ch.

B. L. RIDLEY for complainants.

E. D. HANCOCK for defendant.

COOPER, J., delivered the opinion of the court.

The only question raised by the exception to the report of the Referees is whether the chancellor, under a bill filed by a judgment creditor specifically for the foreclosure of a mortgage with a prayer for general relief, could render a decree for the complainant's debt, and order an execution to issue for the residue after entering a credit for the proceeds of the foreclosure sale. Originally, the court of chancery only granted equitable relief in such cases, leaving the complainant to his remedy at law for the residue of his debt. And therefore, contrary to the general rule about double vexation by suits at law and in equity at the same time, a mortgagee might sue at law upon his debt,

and at the same time proceed in equity for a foreclosure of his security: *Perry* v. *Baker,* 13 Ves., 205; *Franklin* v. *Hirsch,* 3 Tenn. Ch., 469. But the courts of the United States changed the practice by a rule of court which authorized the complainant to take judgment for the balance of his debt: *Orchard* v. *Hughes,* 1 Wall., 73. In this State, the chancery court has changed the practice without any rule of court, being induced to do so partly no doubt by the equitable maxim, frequently recognized, that having jurisdiction for one purpose it ought to assume it for all purposes, with a view to the prevention of a multiplicity of suits; and partly from the course of legislation in this State breaking down the lines of demarcation between the courts of law and equity. The practice is noticed in *Mitchell* v. *McKinney,* 6 Heis., 85, and *Staub* v. *Williams,* 1 Lea, 124. A decree for the balance of debt after exhausting property sought to be subjected cannot be said to be foreign to the object of a creditor's bill, and may well be held to be within a general prayer for relief.

Confirm the report of the Referees, and affirm the decree.